**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4347
_____

IN RE:  JEFFREY W. SMILES,
                                                        Debtor

JEFFREY W. SMILES,
                                                        Appellant

v.

BERKS COUNTY TAX CLAIM BUREAU; NELSON H. LONG, Treasurer (In his
official and individual capacity); STACEY A. PHILE, Director, Berks County Tax Claim
Bureau (In her official and individual capacity); BERKS COUNTY COMMISSIONERS
CHRISTIAN Y. LEINBACH, KEVIN S. BARNHARDT, and MARK C. SCOTT, ESQ.;
JANE AND JOHN DOES 0-100
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:14-cv-03094)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2015

Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: April 8, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jeffrey Smiles appeals pro se from the order of the United States District Court for the Eastern District of Pennsylvania denying his motion to vacate that court's earlier order dismissing his bankruptcy appeal. For the reasons that follow, we will affirm the District Court's denial of that motion.

I.

On May 5, 2014, Smiles appealed from a final order issued by the United States Bankruptcy Court for the Eastern District of Pennsylvania in an adversary proceeding brought against the Berks County Tax Claim Bureau and various county officials (hereinafter collectively referred to as "Appellees"). Under then-current Federal Rule of Bankruptcy Procedure 8006,[1] Smiles had 14 days from the filing of his appeal to (1) designate the items to be included in the record on appeal and (2) provide a statement of the issues to be presented. Smiles failed to do so. As a result, the District Court entered an order on June 3, 2014, dismissing his appeal.

On July 14, 2014, Smiles moved the District Court to vacate its dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1), alleging that his failure to comply with Rule 8006 was due to excusable neglect. Specifically, he alleged that, on May 5, 2014, he traveled out of state to assist a widowed friend. Smiles had no time to contact the post office before leaving the state, but he did ask his neighbors to take in his mail while he was gone. While Smiles was away, he "ha[d] no [P]acer account nor access to his mail,

---

[1] The Federal Rules of Bankruptcy Procedure were subsequently amended in December 2014, with Rule 8006 being renumbered as Rule 8009.

2

and was under great stresses to assist another person in need." (Mot. to Vacate 3.) He further alleged that he was "unable to respond to any demands" during that time. (Certification in Supp. of Mot. to Vacate 1.) Smiles returned to his home during the second week of June 2014.

Appellees opposed Smiles's motion to vacate, and he countered with a reply. On September 11, 2014, the District Court entered an order denying the motion, concluding that he had failed to meet the excusable neglect standard. On October 14, 2014, Smiles filed this appeal, challenging the September 11, 2014 order.

## II.

Appellees contend that this appeal is untimely. They are mistaken. Smiles was required to file his notice of appeal within 30 days of the date on which the District Court *entered* its order denying his motion to vacate. See Fed. R. App. P. 4(a)(1)(A); see also Fed. R. App. P. 6 (applying Rule 4(a)(1)(A) to appeals in bankruptcy cases). Although Appellees assert that the order was entered on September 10, 2014, the District Court's docket clearly states that the order was actually entered on September *11*, 2014 (September 10th was merely the date on which the order was "filed"). The 30th day from September 11, 2014, was Saturday, October 11, 2014; however, the 30-day deadline may not end on a weekend or a legal holiday. See Fed. R. App. P. 26(a)(1)(C). Monday, October 13, 2014, was a legal holiday (Columbus Day), so Smiles had until Tuesday, October 14, 2014, to file his notice of appeal. Because he did, in fact, file his notice within that timeframe, this appeal is timely.

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. We review the District Court's denial of Smiles's motion to vacate for abuse of discretion, see Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008), and we may uphold that decision on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A district court may relieve a party from a final order that results from "excusable neglect." Fed. R. Civ. P. 60(b)(1). The determination whether a party's neglect is "excusable" is "essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995) (citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). The Supreme Court has identified the relevant factors as follows: "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs., 507 U.S. at 395. We have held that a party acts in good faith when he acts with "reasonable haste to investigate the problem and to take available steps toward a remedy." In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 184 (3d Cir. 2000).

Here, the District Court determined that the reason-for-delay factor and the good-faith factor weighed against Smiles. We find no error in that determination. Smiles's alleged reason for the delay in complying with Rule 8006 was not persuasive. Though we sympathize with the circumstances surrounding his widowed friend, Smiles failed to show that his time spent out of state prevented him from (1) filing his Rule 8006

4

compliance or (2) moving the Bankruptcy Court for an extension of the time to do so.[2]

Nor did Smiles show that he acted in good faith. As the District Court noted, he "had months to remedy his failure to comply with Rule 8006," (Dist. Ct. Order entered Sept. 11, 2014, at 2), but failed to do so.[3] Instead, he "baselessly attacked the professional ethics of [Appellees'] counsel." (Id.)

As for the prejudice factor, the District Court determined that Appellees had not made a strong showing of prejudice. However, the court concluded that this factor did not provide Smiles with substantial support, as it was outweighed by the reason-for-delay and good-faith factors. We cannot conclude that this conclusion amounted to an abuse of discretion. Although the District Court did not explicitly weigh the length-of-delay factor in its balancing of the excusable neglect factors, remand is not necessary. When the District Court ruled on Smiles's motion to vacate, nearly four months had passed since the expiration of the time to comply with Rule 8006. Nevertheless, Smiles still had yet to comply with that rule. Even if that period of delay did not weigh heavily against him, it did not tip the scale in favor of granting his motion to vacate.

We have considered Smiles's various arguments and conclude that they lack merit. Accordingly, we will affirm the District Court's September 11, 2014 order. Smiles's motion to supplement the record with certain fillings from his proceedings before the

---

[2] We agree with the District Court that Smiles's ability to access his incoming mail is "beside the point." (Dist. Ct. Order entered Sept. 11, 2014, at 2.) The relevant inquiry is whether Smiles had the ability to *send* mail (or otherwise file his Rule 8006 compliance) while he was out of state, not whether he was able to *receive* mail.

[3] As the District Court noted, Smiles "identified contents for inclusion in the record on July 17, [2014]," but he never submitted a statement of the issues that he intended to appeal. (Dist. Ct. Order entered Sept. 11, 2014, at 2.)

5

Bankruptcy Court, as well as his related motions for "Judicial Notice" and a

"Continuance of Hearing," are denied.[4]

---

[4] Pursuant to Federal Rule of Appellate Procedure 6(b)(2)(B), within 14 days of filing his appeal to this Court, Smiles was required to provide "a designation of the record to be certified and made available to the circuit clerk." However, Smiles did not file such a designation. There is no need to construe his motion to supplement as a belated designation because the miscellaneous Bankruptcy Court filings that he highlights in that motion have no bearing on whether the District Court erred in denying his motion to vacate.